IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| YOLANDA ANOTHONY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 120-110 |
| ) | |
| KILOLO KIJAKAZI, Acting Commissioner ) | |
| of Social Security Administration,[1] ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Yolanda Anthony appeals the decision of the Commissioner of Social Security denying her application for Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of the Commissioner.

**I.    BACKGROUND**

Plaintiff applied for SSI on June 27, 2018, alleging a disability onset date of September 21, 2017.  Tr. ("R."), pp. 15, 193-98.  Plaintiff was forty-six years old at her application date and forty-seven years old at the time the Administrative Law Judge ("ALJ") issued the decision currently under consideration.  R. 23.  Plaintiff applied for benefits based on amputations of

---

[1]Pursuant to Fed. R. Civ. P. 25(d), the Court **DIRECTS** the **CLERK** to substitute Kilolo Kijakazi, Acting Commissioner of Social Security Administration, as the proper Defendant.

four toes on her left foot and rods and screws in her left leg.  R. 215.  Plaintiff has a limited education and no past relevant work history.  R. 23.

The State Agency denied Plaintiff's application initially, R. 82, and on reconsideration, R. 110.  Plaintiff requested a hearing before an ALJ, and the ALJ held a hearing on November 6, 2019.  R. 29-61.  At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, as well as from Mary Cornelius, a Vocational Expert ("VE").  Id.  On December 27, 2019, the ALJ issued an unfavorable decision.  R. 12-24.

Applying the sequential process required by 20 C.F.R. § 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since June 27, 2018, the application date (20 C.F.R. § 416.971 *et seq*.).

2. The claimant has the following severe impairments:  Status post amputation of four toes on the left lower extremity; status post fracture of left lower extremity; high blood pressure; morbid obesity; and residual neck pain status post cervical fracture (20 C.F.R. § 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 416.967(a), except that the claimant needs to able to use a cane in one hand when walking or balancing, and she is never able to operate foot controls with the left lower extremity. The claimant is able to occasionally climb ramps and up to 5 stair steps, occasionally balance, but is not able to climb ladders, ropes, or scaffolds; kneel, crouch, or crawl.  The claimant is not able to perform work in the extremes of humidity or extreme heat. The claimant's ability to understand, remember, and carry out instruction allow her to perform simple, routine tasks; her use of judgment allows her to make simple work-related decisions, and she is able to tolerate few changes in a routine work setting. The claimant is not able to perform jobs that require her to look back (i.e., over the shoulder) to a degree that would require her to use the final 5-10 degrees of range of motion of her neck.

5. Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can also perform, (20 C.F.R. §§ 416.969 and 416.969(a)). The claimant was not under a disability, as defined in the Social Security Act, since June 27, 2018, the date the application was filed. (20 C.F.R. § 416.920(g)).

R. 17-24.

When the Appeals Council denied Plaintiff's request for review, R. 1-6, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of that adverse decision. Plaintiff argues the ALJ's decision is not supported by substantial evidence because the ALJ failed to (1) adopt the opinion of examining physician Dr. Reginald Brown that Plaintiff cannot balance with use of a cane; and (2) give a complete hypothetical question to the VE. See Pl.'s Br., doc. no. 16. The Commissioner maintains the administrative decision is supported by substantial evidence and should therefore be affirmed. See Comm'r's Br., doc. no. 19.

## II.  STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to

determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance:  '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

#### A. The ALJ Properly Evaluated the Medical Source Opinion of Dr. Brown

##### 1. Step Four Framework for Formulating Plaintiff's RFC

At step four of the sequential process, the ALJ evaluates a claimant's RFC and ability to return to PRW.  20 C.F.R. § 416.920(a)(4)(iv).  RFC is defined in the regulations "as that which an individual is still able to do despite the limitations caused by his or her impairments." Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004) (citation omitted).  Courts have described RFC as "a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms." Watkins v. Comm'r of Soc. Sec., 457 F. App'x 868, 870 n.5 (11th Cir. 2012).  Limitations are divided into three categories:  (1) exertional limitations that impact the ability to perform the strength demands of a job, i.e., sitting, standing, walking, lifting, carrying, pushing or pulling; (2) non-exertional limitations that impact the ability to meet non-strength job demands, i.e., tolerating dust and fumes, appropriately responding to supervision, co-workers and work pressure, and difficulty performing manipulative or postural functions of jobs; and (3) a combination of exertional and non-exertional limitations.  Baker v. Comm'r of Soc. Sec., 384 F. App'x 893, 894 (11th Cir. 2010) (citing 20 C.F.R. § 404.1569a(b)-(d)).  When determining a claimant's RFC, the ALJ must consider "all the relevant medical and other evidence." Phillips, 357 F.3d at 1238.

##### 2. Evaluating Medical Opinions

Prior to March 27, 2017, the Commissioner's regulations required the ALJ to give a treating physician's opinion substantial weight.  Hillsman v. Bowen, 804 F.2d 1179, 1181

(11th Cir. 1986) (*per curiam*).  Failure to give a treating physician's opinion substantial weight required the ALJ to show good cause.  Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1159 (11th Cir. 2004); Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987); see also Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987) (*per curiam*) ("The ALJ is required to 'state with particularity the weight he gave different medical opinions and the reasons therefor.'").  Additionally, the Commissioner's regulations required that the opinions of examining physicians be given more weight than non-examining physicians, the opinions of treating physicians be given more weight than non-treating physicians, and the opinions of specialists (on issues within their areas of expertise) be given more weight than non-specialists. See 20 C.F.R. § 416.927(c)(1)-(2), (5).

Pursuant to the revised regulations, applicable to claims filed after March 27, 2017, an ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources."  20 C.F.R. §§ 404.1520c(a) (2017); 416.920c(a) (2017). Elimination of the treating source rule is intended to "eliminate confusion about a hierarchy of medical sources and instead focus adjudication" on the evidence, as well as discourage courts from reweighing the evidence in violation of the deferential substantial evidence standard of review.  Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5853 (Jan. 18, 2017).

The ALJ must now determine the persuasiveness of medical opinions by considering supportability, consistency, nature and length of the treatment relationship, specialization, and other miscellaneous factors.  20 C.F.R. §§ 404.1520c(c) (2017) & 416.920c(c)(1)-(c)(5) (2017).

Because supportability and consistency are the most important factors, the ALJ must articulate how these factors were considered for a medical source's opinions, but an ALJ is not required to articulate consideration of the remaining factors.  § 416.920c(b)(2); Uresti v. Comm'r of Soc. Sec., No. 2:20-CV-367-MAP, 2021 WL 2644549, at *4 (M.D. Fla. June 28, 2021).  "Under the new rule, the [ALJ] will consider the persuasiveness of all medical opinions and evaluate them primarily on the basis of supportability and consistency."  Mackey v. Saul, 2:18-cv-02379-MGL-MGB, 2020 WL 376995, at *4 n.2 (D.S.C. Jan. 6, 2020) (citing 20 C.F.R. § 404.1520c(a),(c)(1)-(2) (2017)).  In assessing supportability and consistency, the ALJ's analysis focuses on whether the medical source's opinion is supported by the objective medical evidence and supporting explanations and consistent with the other medical and nonmedical sources in the record.  20 C.F.R. §§ 404.1520c(c)(1)-(2) (2017) & 416.920c(c)(1)-(2) (2017).

Furthermore, the ALJ need not articulate how it considered the factors for each medical opinion or prior administrative medical finding from one medical source individually. Freyhagen v. Comm'r of Soc. Sec. Admin., No. 3:18-CV-1108-J-MCR, 2019 WL 4686800, at *2 (M.D. Fla. Sept. 26, 2019) (citing 20 C.F.R. § 404.1520c(b)(1) (2017)).  "Instead, when a medical source provides multiple medical opinion(s) or prior administrative medical finding(s), [the Commissioner] will articulate how [it] considered the medical opinions or prior administrative medical findings from that medical source together in a single analysis."  20 C.F.R. §§ 416.920c(b)(1) (2017) & 404.1520c(b)(1) (2017).  Courts recognize the new regulations erect a framework that is highly deferential to the Commissioner.  See Cook v. Comm'r of Soc. Sec., No. 6:20-CV-1197-RBD-DCI, 2021 WL 1565832, at *4 (M.D. Fla. Apr. 6, 2021), *adopted by*, Cook v. Comm'r of Soc. Sec., No. 6:20-CV-1197-RBD-DCI,

7

2021 WL 1565162 (M.D. Fla. Apr. 21, 2021) (affirming ALJ's rejection of treating source opinion because inconsistent and unsupported by record); Bunn v. Soc. Security Admin., Comm'r, No. 2:20-CV-00218-HNJ, 2021 WL 1171537, at *9 (N.D. Ala. Mar. 29, 2021) (same).

### 3. The ALJ Properly Considered the Opinion of Dr. Brown

The ALJ discredited Dr. Brown's opinion of Plaintiff being unable to balance while using a cane for lacking support and consistency in the record. R. 22. The ALJ. upon examining the record, found no additional evidence corroborating Dr. Brown's opinion. Indeed, Dr. Brown's own examination, while noting limitations to Plaintiff's left lower extremities, found Plaintiff had full motor function in all extremities, full range of motion in both hips, right leg, and right ankle, and full strength in both legs. R. 564-65. While Dr. Brown noted some difficulty for Plaintiff to climb on the examining table, Dr. Brown still noted Plaintiff capable of doing so as well as dressing herself. Id. The ALJ found these observations failed to support the finding of an inability to balance and ambulate while using a cane. R. 23.

The ALJ also reviewed other evidence in the record to evaluate consistency with Dr. Brown's opinion. Id. Prior medical visitations made by Plaintiff in October 2015 and March 2017 documented Plaintiff's ability to ambulate while using a cane. R. 23, 281-85, 343, 513-18. In addition, Plaintiff testified she could walk with a cane for forty-five minutes without interruption, and her daughter confirmed Plaintiff's ability to ambulate with a cane. R. 42, 228-229, 232-238. Finally, Drs. Jeff Wener and Stephen Burge, both state agency medical consultants, reviewed Plaintiff's medical history and opined she had the ability to ambulate

with a cane, as well as the ability to stand and walk for two hours of an eight-hour workday. R. 83-109.

While Plaintiff criticizes the ALJ for giving greater weight to the opinions of these non-examining physicians than to the opinions of Dr. Brown as the examining physician, this criticism is a remnant of the old framework for analyzing medical sources rather than the new one. Under the new regulations, as explained in detail above, the ALJ may place greater weight on opinions with affirmative support and consistency in the record. In following the new regulations, the ALJ properly determined portions of Dr. Brown's opinions lacked support and consistency to warrant substantial weight and discounted those portions accordingly. R. 26. For all of these reasons, the Court finds ample support for the ALJ's decision to assign Dr. Brown's opinion little weight, and to reject Dr. Brown's finding Plaintiff could not balance while walking with a cane. To find otherwise would invade the province of the ALJ by deciding the facts anew, reweighing the evidence, or substituting the Court's judgment for the ALJ's judgment. Moore, 405 F.3d at 1211; Cornelius, 936 F.2d at 1145.

### B. The ALJ Properly Relied on the VE's Testimony.

Plaintiff contends the ALJ erred by failing to include a limitation in the RFC that Plaintiff could not balance with a cane while walking. Pl.'s Br., pp. 10-11. The underlying assumptions of the hypothetical questions posed to the VE must accurately and comprehensively reflect the claimant's characteristics, and a reviewing court must determine whether they are supported by substantial evidence. McSwain v. Bowen, 814 F.2d 617, 619-20 (11th Cir. 1987); Pendley v. Heckler, 767 F.2d 1561, 1562-63 (11th Cir. 1985); see also Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999) ("In order for a VE's testimony to constitute substantial evidence, the ALJ must

pose a hypothetical question which comprises all of the claimant's impairments."). However, a hypothetical question need not incorporate alleged impairments the ALJ has properly discredited or found to be unsupported by the medical evidence. Crawford, 363 F.3d at 1161.

Because the record supports the conclusion Plaintiff could balance and ambulate while using a cane, there was no error by the ALJ. The ALJ included multiple qualifiers in his hypothetical to account for the credible limitations supported by substantial evidence, as follows:

> Assume an individual of the claimant's age and education with no past relevant work. For the first hypothetical, if you would assume an individual at the sedentary level of exertion. Assume that this individual would need to use a cane in one hand when walking or balancing. And this individual could never operate foot controls with the left lower extremity. This individual could occasionally climb ramps, could occasionally climb up five stairs or steps but never climb ladders, ropes, or scaffolds. Could occasionally balance but never kneel, crouch, or crawl. This individual should not work at unprotected heights or with unprotected dangerous moving mechanical parts. This individual should not have to drive a vehicle as part of her job duties. And this individual should not have to work in the extremes of humidity or in extreme heat.

R. 52.

The VE identified three unskilled sedentary jobs: information clerk, lens inserter, and document preparer. R. 52-53. Plaintiff's counsel asked the VE questions related to whether constant use of a cane during the time spent standing would prevent Plaintiff from performing the listed jobs. R. 55-58. The VE confirmed it would not. (Id.)

In sum, because the hypothetical presented to the VE, upon which the ALJ relied to find Plaintiff was not disabled, accurately and comprehensively reflected Plaintiff's characteristics, the ALJ's reliance on the VE testimony was proper. See McSwain, 814 F.2d at 619-20; Pendley, 767 F.2d at 1562-63. Therefore, the ALJ's conclusion there is work

Plaintiff can perform in the national economy is supported by substantial evidence, and this issue forms no basis for remand.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 3rd day of September, 2021, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA